UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Melanie Kelley, | ) C/A No. 4:13-0174-RBH-TER |
|                    Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| City of Hartsville, | ) |
|                    Defendant. | ) |

Plaintiff is a resident of Hartsville, South Carolina. According to the caption of the Complaint, Plaintiff has brought suit against the City of Hartsville. The City of Hartsville is a municipality located in Darlington County. On the right side of the caption of the Complaint, Plaintiff writes: "Reference Case No.: 08-1856[.]" Case No. 08-1856 was an appeal from this Court to the United States Court of Appeals for the Fourth Circuit. However, the facts alleged in the present case are not the same as those raised in the case underlying the appeal.[1]

---

[1] In *Melanie Kelley v. City of Hartsville and City of Darlington*, Civil Action No. 4:07-3682-RBH-TER, Plaintiff on November 9, 2007, brought a civil rights action to challenge her arrest for driving under suspension. In a Report and Recommendation filed in Civil Action No. 4:07-3682-RBH-TER on November 14, 2007, the undersigned issued a Report and Recommendation for Summary Dismissal *without prejudice*. At a conspicuous notice appearing on the final page of the Report and Recommendation, Plaintiff was apprised of her right to file timely written objections to the Report and Recommendation and of the effect on the right of appellate review of a failure to do so. No objections were filed within the prescribed period. On December 4, 2007, the Honorable R. Bryan Harwell, United States District Judge, noted the absence of objections, adopted the Report and Recommendation, and incorporated the Report and Recommendation into his Order. *Kelley v. City of Hartsville*, Civil Action No. 4:07-3682-RBH-TER, 2007 WL 4287634 (D.S.C. Dec. 4, 2007). The Clerk of Court entered the judgment in Civil Action No. 4:07-3682-RBH-TER on December 5,
(continued...)

1

At issue in the above-captioned case is a tax lien filed by the Internal Revenue Service (IRS) on or about October 22, 2012. Plaintiff contends that she, as an "Indian Native American Cherokee," owes the IRS nothing. A copy of the Notice of Tax Lien (a Form 1040-st) is attached to the Complaint.[2]

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings and Plaintiff's Motion for Leave to Proceed *in forma pauperis*. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*,

---

[1](...continued)
2007.
On December 19, 2007, Plaintiff filed a motion for reconsideration. Judge Harwell denied the motion on July 3, 2008. *Kelley v. City of Hartsville*, Civil Action No. 4:07-3682-RBH-TER, 2008 WL 2636868 (D.S.C. July 3, 2008). Plaintiff's subsequent appeal in *Kelley v. City of Hartsville*, Civil Action No. 4:07-3682-RBH-TER (Fourth Circuit Docket No. 08-1856) was not successful. On October 24, 2008, the United States Court of Appeals for the Fourth Circuit affirmed the judgment in Civil Action No. 4:07-3682-RBH-TER. *See Kelley v. City of Hartsville*, No. 08-1856, 297 Fed.Appx. 239, 2009 WL 4700024 (4th Cir. Oct. 24, 2008)(*per curiam*).

[2]Other exhibits indicate that Plaintiff has been attempting to use a trust to reduce or avoid her federal individual income taxes (ECF No. 1-2, at pages 17–18). Other exhibits refer to certain matters litigated in Plaintiff's prior cases, *Kelley v. St. Bartholomew's Episcopal Church*, Civil Action No. 4:08-2258-RBH-TER, and matters handled by the Family Court of Darlington County in a custody and child support matter in "Case # 12-693[.]" (ECF No. 1-1, at page 25). The various exhibits appended to the Complaint reveal that Plaintiff, over the past several years, has had disputes with various state and county officials.

551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*).  When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008).  Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable.  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1951–52 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  Even when considered under this less stringent standard, the above-captioned case is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

   As stated above, this case arises out of a tax lien allegedly filed against Plaintiff's property. In counties in South Carolina, the recording of deeds and other legal documents (such as tax liens) is handled by the Register of Deeds or the Clerk of Court for the particular county.  Counties with larger populations have a Register of Deeds, while in counties with small populations, the elected Clerk of Court is responsible for the duties of a Register of Deeds.  Darlington County, where the City of Hartsville is located, does not have a Register of Deeds.  The duties of the Register of Deeds in Darlington County are handled by the Clerk of Court for Darlington County (http://www.darcosc.com/ClerkOfCourt/, last visited on March 27, 2013).

   The City of Hartsville is not responsible for the recording of a tax lien in the Register of Deeds section in the office of the Clerk of Court for Darlington County.  Additionally, the doctrines

3

of vicarious liability and *respondeat superior* are not applicable in § 1983 actions. *Vinnedge v. Gibbs*, 550 F.2d 926, 927–29 & nn. 1-2 (4th Cir. 1977). Thus, there is no theory under which the City of Hartsville may be held liable for the recording of a tax lien against Plaintiff's property.

Furthermore, the City of Hartsville is not responsible for the assessment or collection of federal income taxes. Here, Plaintiff appears to be challenging a tax lien issued by the Internal Revenue Service (IRS) and, thus, the City of Hartsville is not the proper Defendant. As such, dismissal is proper for this reason as well.[3]

Accordingly, for the reasons discussed above, it is recommended that this case be summarily dismissed *without prejudice* and without service of process. Plaintiff's attention is directed to the important Notice on the next page.

    s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 27, 2013
Florence, South Carolina

---

[3] Even if Plaintiff had named the proper Defendant, this case would be barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a), which provides that, absent certain exceptions not applicable here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person[.]"

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that she may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).